```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

RENEE D. GUSTAFSON,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  11 C 5852
                                 )
MYRON K. THOMAS, et al.,         )
                                 )
          Defendants.            )
```

## MEMORANDUM ORDER

Renee Gustafson ("Gustafson") has filed this action against Myron Thomas ("Thomas") and William Adkins ("Adkins") in their individual capacities, as well as against the United States as their employer (each of them works for the Veterans Administration). Although this Court's customary practice in cases assigned to its calendar is to issue a brief standard order that includes the setting of an initial status hearing (where as here the United States is a party defendant, that hearing is normally held 91 days after the action is filed), in this instance some threshold questions posed by the Complaint have triggered this sua sponte memorandum order instead.

Both in Complaint ¶1 and elsewhere, Gustafson's counsel invokes 42 U.S.C. §1983 ("Section 1983") as a predicate for relief. But it is a fundamental principle that Section 1983 deals with conduct by what are familiarly called "state actors"--and that certainly does not encompass either the United States or the individuals sued here. That obviously calls for an

explanatory submission by Gustafson's counsel.

On another front, it has already been said that both Thomas and Adkins are purportedly sued in their individual capacities. But at the same time, Complaint ¶2 invokes the Federal Tort Claims Act ("Act") as a predicate for imposing liability on the United States for the assertedly tortious conduct by Thomas and Adkins "within the scope of their employment." And 28 U.S.C. §2676 specifies that a judgment as between a claimant such as Gustafson and the United States bars any action by her against the governmental employees--here Thomas and Adkins--who were assertedly responsible. See Manning v. United States, 546 F.3d 440 (7th Cir. 2008), affirming the vacation of a $6.5 million jury verdict in plaintiff's favor against the individual defendants, by reason of the trial court's bench adjudication of plaintiff's claim against the United States under the Act based on the same individual defendants' violation of plaintiff's constitutional rights. Once more an explanation as to just how Gustafson and her counsel conceptualize this litigation is needed.

Accordingly this action is set for a status hearing at 8:45 a.m. September 6, 2011. If Gustafson's counsel can conveniently provide answers to the questions posed here in written form before that date, that obviously would be the most convenient situation for addressing them. But if such is not the

case, this Court is prepared to entertain an oral response by Gustafson's counsel at that time.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: August 29, 2011