**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RENEE D. GUSTAFSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MYRON K THOMAS, in his Individual )<br>Capacity; WILLIAM ADKINS, in his Individual )<br>Capacity; and THE UNITED STATES OF )<br>AMERICA, )<br>)<br>Defendant. ) | No. 11 C 5852 |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

      Plaintiff Lt. Renee Gustafson ("Gustafson") brings this suit for mental and emotional anguish after being videotaped while changing into her work uniform. Her complaint alleges an unconstitutional search against individual Defendants Myron Thomas ("Thomas") and William Adkins ("Adkins") in count one, and a tortious invasion of privacy against their employer, the United States, in count two. Presently before us is the United States' motion to dismiss the second count for lack of subject matter jurisdiction or in the alternative to stay proceedings. For the reasons set forth below, we grant the motion to stay proceedings against the United States pending the Secretary of Labor's final determination of whether count two is covered by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.* (2006).

## BACKGROUND

Gustafson worked from September 2007 through April 2009 as a Lieutenant in the Police and Security Service ("PSS") at the Jesse Brown Veterans Administration Medical Center in Chicago, Illinois. (Compl. ¶ 10.) During this time, Gustafson and other female members of the PSS regularly used a specific office to change into their required uniforms. (*Id.* ¶¶ 11–12.) Gustafson alleges that her supervisor, Thomas, and colleague, Adkins, both knew that female PSS employees used the office to change. (*Id.* ¶¶ 4–5, 14.) Either despite or because of this knowledge, Thomas had Adkins install a hidden surveillance camera in this office in May 2007. (*Id.* ¶ 22.) The hidden surveillance camera was functional and likely captured video images of Gustafson and other female PSS officials changing clothes. (*Id.* ¶ 24.) Further, since the camera wires led to Thomas's office, Gustafson alleges a high likelihood that Thomas personally viewed and recorded such images. (*Id.* ¶¶ 23–24.)

In September 2009, Gustafson first learned of the hidden surveillance camera, and she realized that she had likely been observed and recorded while changing. (*Id.* ¶ 28.) She filed suit on August 24, 2011 and claims to suffer injury and damage from "mental and emotional anguish." (*Id.* ¶¶ 39, 44.) Her complaint against the United States alleges tortious invasion of privacy, an Illinois common law claim, brought under the Federal Tort Claims Act ("FTCA"). Gustafson states that she has fulfilled the administrative exhaustion provisions of the FTCA. (*Id.* ¶ 9 (*citing* 28 U.S.C. § 2675) & Ex. A.)

In response to Gustafson's complaint, the United States moves to dismiss count two under Federal Rules of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction. The Government's motion centers on FECA's exclusive remedy for injured federal employees.

(Mot. at 2.) It argues that we do not have jurisdiction over count two if FECA covers Gustafson's claim for mental and emotional distress. (*Id.*) In support of its motion, the United States provides a declaration from the Deputy Director for Federal Employees' Compensation at the Department of Labor's Office of Workers' Compensation Program ("OWCP"). The declaration indicates that Gustafson did not make a claim for her injuries under FECA, and further concludes, based on a factual summary, that "there is a significant possibility of coverage under FECA scheme for mental and emotional anguish and distress sustained by" Gustafson. (*Id.* ¶¶ 3, 5.)

## ANALYSIS

FECA establishes a compensation scheme, administered by the Secretary of Labor, for federal employees' disability or death "resulting from personal injury sustained while in the performance of his [or her] duty." 5 U.S.C. § 8102. This liability is "exclusive and instead of all other liability of the United States . . . under a Federal tort liability statute." 5 U.S.C. § 8116©; *see also Sasse v. United States*, 201 F.2d 871, 873 (7th Cir. 1953) (discussing the preclusive effect of FECA). Essentially, FECA "supplants all other liability" to a federal employee with "work-related injuries." *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995). Congress enacted this statute as a compromise similar to most worker compensation schemes. "[E]mployees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194, 103 S. Ct. 1033, 1036 (1983). If FECA covers Gustafson's emotional distress claims against the United States, as the Secretary of Labor's designee the OWCP has suggested, (*see* Rios Decl. ¶ 5), her FTCA claim must fail.

Gustafson responds that her injuries—emotional distress caused by an intentional tort—are outside FECA's scope. She points to the statutory definition of "injury," which "includes, in addition to injury by accident, a disease proximately caused by the employment, and damage to or destruction of medical braces, artificial limbs, and other prosthetic devices." 5 U.S.C. § 8101(5). Gustafson argues that, pursuant to this statutory text, intentional torts are not covered by FECA. (Resp. at 5–6 (pointing to the "injury by accident" language of § 8101(5)).)

As a pure question of statutory interpretation, Gustafson's arguments have intuitive appeal. However, FECA's scheme does not allow such judicial review of the definitional language. Congress provided that the "Secretary of Labor shall administer, and decide all questions arising under" FECA. 5 U.S.C. § 8145. Congress also included a "strongly worded judicial door-closing" provision in FECA. *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc). That provision states that the determinations of the Secretary or designee are "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2). "Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486, 493 (1991).

In this case, the Secretary of Labor's designee, the OWCP, has made clear that "there is a significant possibility of coverage under the FECA." (Rios Decl. ¶ 5). In addition, the United States has directed us to numerous decisions of the Employees' Compensation Appeals Board indicating FECA coverage was proper in the case of intentional or non-accidental injuries. *See, e.g.*, *Ana L. Leishman & USPS*, No. 95 C 2007, 1997 WL 1433647 (E.C.A.B. July 3, 1997) (remanding emotional condition case resulting from coworkers' use of derogatory names and

4

general harassment to OWCP to establish medical causation); *Margarita Bell & USPS*, 48 E.C.A.B. 172, 179, 1996 WL 1743042, at *6 (E.C.A.B. Nov. 7, 1996) (remanding case of sexual assault and emotional harm to OWCP to establish medical causation); *John H. Woods, Jr. & USPS*, 39 E.C.A.B. 971, 976, 1988 WL 215032, at *4–5 (E.C.A.B. June 2, 1988) (remanding case to OWCP to determine whether injury from a coworker's physical kick grew out of a work dispute). These cases and the OWCP letter persuade us that intentional torts causing injury are within FECA's scope. As such, unless the Secretary of Labor determines that FECA does not cover Gustafson's particular injuries, we have no jurisdiction.

It is true, as Gustafson argues, that courts will review a FECA determination if there is a constitutional claim involved. *Czerkies*, 73 F.3d at 1438 (allowing a constitutional due process challenge in a FECA determination); *see also Bagola v. Kindt*, 131 F.3d 632, 644 (7th Cir. 1997) (allowing constitutional review of a similar door-closing provision in 18 U.S.C. § 4126 for prison employees injured in the workplace). However, the Seventh Circuit has only provided judicial review in FECA cases for due process violations. *See Czerkies*, 73 F.3d at 1439 (limiting constitutional claim to those "seeking only a new hearing or other process rather than a direct award of money by the district court."); *Pettigrew v. U.S. Dept. of Labor*, 40 F. App'x 289, 290 (7th Cir. 2002) (noting plaintiff "may challenge constitutional errors in his administrative proceeding, but not the denial of his benefits claim."). Gustafson has not raised a due process concern.

Even assuming that the constitutional exception allowing FECA review extends to how injuries were sustained, Gustafson's complaint alleges only an Illinois common law tort against the United States. (*See* Compl. ¶ 45.) By contrast, her constitutional exception argument would

5

be more persuasive against Defendants Thomas and Adkins, who allegedly violated her Fourth Amendment rights. (*Id.* ¶ 33.) Gustafson, herself, explains this difference in response to the Defendant's motion. (Resp. at 1–2 ("Count 1 alleges Individual Defendant[s] . . . violated Plaintiff Lt. Gustafson's constitutional rights . . . . On the other hand, Count 2 alleges that the United States is liable . . . for the violation of Plaintiff Lt. Gustafson's right to privacy under Illinois tort common law."). In addition, Gustafson's key precedent, *McDonald v. Salazar,* No. 08 C 1696, 2011 WL 6739422 (D.D.C. Dec. 23, 2011), is distinguishable. In *McDonald*, the court specifically stated that the plaintiff's claims, which included "damage to his employment and personal reputation," "economic harm (lost wages and benefits)," and "subsequent removal," could not be reduced "to one for emotional or mental distress." *Id.* at *7 (internal quotations removed). Here, Gustafson claims only mental and emotional damages. Instead of a constitutional claim, Gustafson's allegation against the United States appears to be more of "a claim for benefits 'cloaked in constitutional terms' . . . affix[ing] the constitutional label to a garden-variety claim for benefits . . . ." *Czerkies*, 73 F.3d at 1443. For these reasons, a constitutional review of her case is unnecessary.

Finally, since Gustafson raises a plain language statutory argument on the meaning of "injury" found in 5 U.S.C. § 8101(5) discussed above, we address briefly whether "injury" includes emotional distress. At least one federal circuit has held that FECA's injury definition is limited to physical injuries or illnesses, allowing FTCA claims to proceed in the context of emotional distress. *See Guidry v. Durkin*, 834 F.2d 1465, 1472–73 (9th Cir. 1987). However, as Congress granted the Secretary of Labor authority to answer all questions regarding the scope of FECA coverage, 5 U.S.C. § 8145, the weight of authority points in the other

direction—dismissing suits against the United States pending the Secretary's determination of FECA coverage of emotional distress injuries. *See, e.g.*, *Gill v. United States*, 471 F.3d 204, 209 (1st Cir. 2006); *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006); *Farley v. United States*, 162 F.3d 613, 616 (10th Cir. 1998); *White v. United States*, 143 F.3d 232, 238 (5th Cir. 1998); *McDaniel v. United States*, 970 F.2d 194, 197 (6th Cir. 1992). The Seventh Circuit has not addressed this question. However, all Northern District judges facing this issue have deferred to the Secretary of Labor to determine if "emotional distress falls within the coverage extended by the FECA." *Trammel v. Brown*, No. 94 C 149, 1995 WL 708666, at *4 (N.D. Ill. Nov. 30, 1995); *see also Norris v. Principi*, No. 03 C 4923, 2006 WL 2355591, at *4 (N.D. Ill. Aug. 11, 2006); *Rogers v. United States*, No. 03 C 3645, 2003 WL 22849148, at *2 (N.D. Ill. Dec. 1, 2003). We follow suit and defer to the Secretary's determination of FECA's injury coverage, which may include Gustafson's emotional distress claims.

## CONCLUSION

For the reasons set forth above, we grant Defendant United States' motion to stay proceedings against the United States pending the Secretary of Labor's review of Gustafson's injuries. Since Gustafson's claim against Defendants Thomas and Adkins in count one remains pending, dismissal of count two against the United States would not end this case. With the possibility that the Secretary may determine that FECA is not applicable to Gustafson's injuries, and to avoid duplicative re-filings in the future, we do not dismiss count two. We note, however, that to reinstate the case it is not enough that the Secretary *reject* her claim, rather the Secretary must find that FECA does not *cover* her claim. Until a determination is made, the motion to stay proceedings against the United States is granted. A date for the parties to report in open court

the status of the Secretary's review is set for August 30, 2012 at 10:30 a.m.  It is so ordered.

                                                         Marvin E. Aspen
                                                        United States District Judge

Dated: Chicago, Illinois
       May 22, 2012